D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)
*Attorneys for Plaintiff*


**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------x
**JOHANNA OLARTE,**

        **Plaintiff,**

    **v.**

**DALUMI DIAMOND CORP., ZO.US.**
**CORP., and GADI COHEN**

        **Defendants.**
------------------------------------------------------x

**INDEX NO:**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**


      Plaintiff Johanna Olarte alleges as follows:

### JURISDICTION AND VENUE

      1.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

      2.    Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

3.    Defendant Dalumi Diamond Corp. ("Dalumi") is a diamond wholesale company based in Israel, with its US headquarters in Manhattan.

4.    At all times relevant to this action, Dalumi has had more than four employees.

5.    Zo.US. Corp. is a company run by Dalumi.  It manages the website Zoara.com, which is the online retail subsidiary of Dalumi.

6.    Defendant Gadi Cohen is the United States CEO of Dalumi, and he played an important role in the discriminatory employment actions alleged herein.

7.    Plaintiff Johanna Olarte has been working for Defendants for the last approximately one and a half years.  Her current title is Senior Manager of Jewelry and Logistics.

## FACTS

8.    Plaintiff began working for Defendants in or about early 2016 as an assistant to the operations manager.

9.    During this time period, Plaintiff was not exempt under any of the FLSA's or the NYLL's overtime exemptions, as she did not exercise independent judgment and discretion as part of her regular job duties.

10.    Plaintiff regularly worked at least 45 hours per week during this period.

11.    Plaintiff typically worked five days per week.  She would typically arrive to work before 9:00 a.m. and leave after 6:00 p.m., often after 7:00 p.m., with the exception of Fridays.

12.    Plaintiff did not receive the appropriate notices required by New York Labor Law § 195(3).  For example, Plaintiff's weekly paystubs did not contain her actual hours worked.

13.    Plaintiff was an excellent employee and worked without incident throughout her employment with Defendants.

14.   To reflect her excellent performance, Plaintiff was given a promotion to a Senior Management position in mid-2016 and a substantial raise in early 2017.

15.   Defendants also in early 2017 gave Plaintiff the additional job of managing Zoara.com, their online subsidiary.

16.   In early 2017, Plaintiff informed Defendants that she was pregnant.

17.   Shortly thereafter, Plaintiff spoke with Shikma Malka, a Controller and Human Resources representative at Dalumi, to discuss the details of her anticipated maternity leave, from June 3, 2017 through early September 2017.

18.   Ms. Malka assured Plaintiff that Dalumi would pay her regular salary through her entire maternity leave.

19.   Shortly before Plaintiff's maternity leave began, Ms. Malka again assured Plaintiff that she would be paid her regular salary throughout her maternity leave.

20.   Plaintiff began her maternity leave on June 3, 2017, and was in fact paid by Defendants through July 14, 2017.

21.   On July 17, 2017, Ms. Malka and Gadi Cohen contacted Plaintiff and informed her that Defendants would not be paying her any further pay throughout her maternity leave.

22.   Realizing that this violated their original promise, Defendants made Plaintiff an offer that was in essence an ultimatum geared to push Plaintiff out of the company.

23.   Specifically, Defendants told Plaintiff that she could either: (a) accept 6 weeks of pay as severance and be terminated from her employment the company, or (b) forego the 6 weeks of pay that Defendants promised and return to work after the maternity leave was over.

24. Defendants made clear in that conversation that if Plaintiff returns to work after her maternity leave, they "cannot guarantee" that her job will exist for very long.  Mr. Cohen told Plaintiff to seek employment elsewhere.

25. Given the timing of this threat of termination, it is clear that Defendants are attempting to push Plaintiff out of the company before she returns from her maternity leave, discriminating against her on the basis of her pregnancy and caregiver status.

26. On August 15, 2017, Plaintiff's counsel raised in a correspondence with Defendants that Plaintiff intended to pursue claims against Defendants for gender and parental/familial status discrimination.

27. Defendants immediately retaliated against Plaintiff by cutting off her access to any company emails on that same day.

28. Defendants also instructed Plaintiff's coworkers, such as Attalla Sophas, not to communicate with Plaintiff.

29. Plaintiff had been in constant contact with coworkers through email even during her maternity leave in order to stay abreast of what was going on in her absence, so that she would be up to speed when she returned from maternity leave.

30. By cutting of Plaintiff's access to emails and coworkers, it is clear that Defendants are further pushing Plaintiff out of the company, if not gearing up to fire her outright.

31. Defendants' egregious behavior and retaliation has caused Plaintiff substantial emotional distress and physical pain, especially during this vulnerable period immediately following Plaintiff's childbirth.

## FIRST CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.*)

32. Plaintiff realleges and incorporates by reference all previous paragraphs.

33.     Throughout the statute of limitations period covered by these claims, Plaintiff worked in excess of forty (40) hours per workweek.

34.     At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates, one-and-one-half times his regular rate for hours worked in excess of forty (40) hours per workweek.

35.     Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### New York Overtime Violations
### (New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*)

36.     Plaintiff realleges and incorporates by reference all previous paragraphs.

37.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

38.     Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates, one-and-one-half times his regular rate for hours worked in excess of forty (40) hours per workweek.

39.     As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at  trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## THIRD CLAIM FOR RELIEF
### (New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)

40.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

41.   Defendants did not provide Plaintiff with proper notices/wage statements required by N.Y. Lab. Law § 195.

42.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to an award of damages/penalties pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**FOURTH CLAIM FOR RELIEF**
**(New York City Human Rights Law ("NYCHRL")**
**N.Y. Admin. L. §§ 8-101 *et seq.* –Discrimination)**

43.   Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

44.   In violation of the NYCHRL, Defendants discriminated against Plaintiff on the basis of her pregnancy and caregiver status.

45.   As a direct and proximate consequence of Defendants' discrimination, Plaintiff has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, a loss of income, including future salary.

46.   Defendants' discrimination, Plaintiff has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to, emotional distress and physical pain and suffering.

47.   Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily-protected civil rights.

48.   As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to lost wages and damages for emotional distress, punitive

damages, post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

49.   A copy of this complaint will be provided to the New York City Commission on Human Rights.

## FIFTH CLAIM FOR RELIEF
### (Breach of Contract)

50.   Plaintiff realleges and incorporates by reference all previous paragraphs.

51.   Defendants have breached their contract with Plaintiff by failing to pay her promised full maternity leave.

52.   Plaintiff is entitled to an award of damages in an amount to be determined at trial and attorneys' fees and costs.

WHEREFORE, Plaintiff, prays for relief as follows:

A.   An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

B.   Penalties available under applicable laws;

C.   monetary damages including, but not limited to, unpaid wages, statutory damages, lost income, including past salary, future salary, and company-sponsored benefits, liquidated damages, and punitive damages in an amount to be determined at trial, together with interest thereon from the time of the initial loss until satisfaction of judgment and post-judgment interest thereon;

D.   non-monetary damages including, but not limited to, compensation for her humiliation and emotional distress and suffering, in an amount to be determined at trial, and punitive damages, together with interest thereon from the time of the

initial loss until satisfaction of judgment as well as with post-judgment interest thereon;

E.      Costs of action incurred herein, including expert fees;

F.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216,  N.Y. Lab. L. § 663 and other applicable statutes;

G.      Pre-judgment and post-judgment interest, as provided by law; and

H.      Such other and further legal and equitable relief as this Court deems necessary, just and proper.


## JURY DEMAND

Plaintiff demands trial by jury on all counts so triable.

Dated: New York, New York
        September 5, 2017

                                        Respectfully submitted,

                                        JOSEPH & KIRSCHENBAUM LLP


                                        By: /s/ D. Maimon Kirschenbaum
                                            D. Maimon Kirschenbaum
                                            32 Broadway
                                            Suite 601
                                            New York, NY 10004
                                            Tel: (212) 688-5640
                                            Fax: (212) 688-2548

                                            *Attorneys for Plaintiff*